IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME J. PATELUNAS, II, | : | Civil No. 3:24-CV-1858 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Bloom) |
| MARK MALVISSI, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

The background of this order is as follows:

The *pro se* plaintiff, Jerome Patelunas, filed this action against the defendants a motion for leave to proceed *in forma pauperis* on October 28, 2024, and filed. (Docs. 1, 5). Patelunas also filed several miscellaneous motions, including a motion to unseal documents in a criminal case from 2014 (Doc. 2); a motion for temporary restraining order (Doc. 12); and a motion for "emergency injunctive relief." (Doc. 16). His complaint sets forth criminal allegations against the defendants, beginning in 1999 and continuing to the present, relating to the plaintiff's business. (Doc. 1 at 4-5). Patelunas' initial motions for injunctive relief (Docs. 12, 16) were denied without prejudice to him filing a properly supported motion at a later time.  His motion to unseal court records (Doc. 2) was denied as

well.    Patelunas has now moved again for a temporary restraining order

("TRO") as well as "emergency injunctive relief." (Docs. 19, 20).

Plaintiff identified his desired relief: recusal of Chief Magistrate

Judge Bloom, reconsideration of our denial of his motion to unseal, and

"ex-parte emergency injunctive relief sufficient to secure [Plaintiff's and

his family's] safety as described in detail in adjoining . . .   pleadings."

(Doc. 19 ¶ 1).    Patelunas filed a supplemental brief in which he makes

allegations that the defendants here have affected a utility shut-off at his

home.    (Doc. 21 ¶ 5).    Patelunas appears to request injunctive relief in

the form of monetary damages equal to that needed to restore his utility

service, and/or to return service or purchase him a generator (Doc. 23 at

3), and to purchase a security system so he may "replace inoperable police

presence" but does not suggest a dollar amount for his relief nor does he,

in his requested TRO, sufficiently identify who is to be restrained from

taking or mandated to take which actions.    (*See* Docs. 19-23).

As explained in our previous ruling, Rule 65 of the Federal Rules of

Civil Procedure provides that injunctive relief may be issued "only on

notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Here, none of the

defendants have been served with the complaint.[1] Thus, at this time, none of the adverse parties have received notice of Patelunas' motion for injunctive relief.  At a minimum, that procedural posture makes this motion unripe.

More fundamentally, we find that Patelunas has still not met any of the substantive requirements under Rule 65 to show he is entitled to preliminary injunctive relief.  "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)). The Supreme Court has underscored that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

---

[1] We note that because Patelunas has filed a motion for leave to proceed *in forma pauperis*, his complaint is subject to a legally mandated screening review. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation and quotation marks omitted).

Here, Patelunas has not pleaded any fact that would allow us to find any of those four elements satisfied. (*See* Docs. 6-23). Therefore, we cannot conclude at this time that Patelunas is entitled to the extraordinary remedy that is a preliminary injunction. Accordingly, we will deny Patelunas' motions for TRO and emergency injunctive relief at this time.

We note that Patelunas has again filed a motion to unseal documents in a criminal case that was before this court and concluded in 2014. (Doc. 2). A review of that criminal docket indicates that certain documents were sealed per court order. *See generally United States v. Lupas, Jr.*, No. 3:12-CR-114 (Mariani, J). In our last order, we explained that Patelunas failed to articulate how this criminal matter, and the sealed records on the docket, relate to his civil matter in which the defendant in the criminal matter is not a named defendant in this case. These filings do attempt to cure that issue; construed liberally, Patelunas appears to be saying that if these records were unsealed, they would identify co-conspirators in that action who are now at-large and

tampering or intimidating witnesses in this case. (Doc. 20 ¶ 8).

Such a motion, which purports that the supporting evidence will be uncovered only upon the granting of that motion, is fairly considered a "discovery motion". *See Leucadia, Inc. v. Applied Extrusion Technologies, Inc.* 988 F.2d 157, 163-64 (3rd Cir. 1993). Such motions are not entitled to a presumption of right of access. *Id.* Instead, this court must consider Fed. R. Civ. P. 26's "Good Cause" standard in deciding to unseal on a discovery motion. *Dobson v. Milton Hershey School*, 434 F.Supp. 3d 224, 235 (M.D. Pa. 2020). The "Good Cause" standard is fact specific, but generally requires a showing that the evidence is more than relevant. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). That standard has not been met here. Patelunas is speculating on the existence of the possible actors and their potential actions in this case. Any relevancy to this case is likewise speculative. He has therefore not yet shown relevancy; it follows that he has not shown more than relevancy. In sum, he has not shown "good cause" to unseal these records. Accordingly, his motion to unseal records in that criminal matter will be denied again.

Accordingly, IT IS HEREBY ORDERED THAT Patelunas' motions

for injunctive relief (Docs. 19, 20) are DENIED without prejudice to him

filing a properly supported motion at a later time.


So ordered this 18th day of November 2024.


*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge